IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 1:17-00195-1

WINDEL LESTER

**MEMORANDUM OPINION AND ORDER**

Before the court is defendant Windel Lester's Motion to Revoke Detention Order. ECF No. 63. The court reviewed the motion, the government's response in opposition, (ECF No. 65), and held a hearing on the matter on January 9, 2018. For the reasons stated in the motion and at the hearing, the motion is **DENIED**.

I.  PROCEDURAL HISTORY

**A. Background**

On November 15, 2017, the defendant, Windel Lester, along with others, was named in all counts of a 28-count indictment which charged wire fraud, conspiracy to use and the use of fire in the commission of mail and wire fraud, conspiracy to commit money laundering, and unlawful monetary transactions. ECF No. 1.

Following the indictment's return, the government filed a motion to detain Mr. Lester pursuant to 18 U.S.C. § 4142(f)(1).

Following a hearing conducted on November 21, 2017, Magistrate Judge Omar J. Aboulhosn concluded that pursuant to the factors outlined in 18 U.S.C. § 3142(g), Windel Lester must be detained pending trial to (1) reasonably assure the safety of other persons and the community and (2) reasonably assure defendant's appearance as required.  See ECF No. 33.

On December 14, 2017, defendant filed a Motion to Revoke Detention Order, seeking a de novo review of the magistrate judge's detention order.

**B. Hearing on the Motion**

On January 9, 2018, the court held a hearing on this matter.  On behalf of the government, Sergeant Lesley Boytek of the West Virginia State Police testified about telephone calls and other intercepted communications regarding defendant's threats toward a confidential informant.  Moreover, the government introduced emails between the defendant and another defendant, Gregory Lester indicating his awareness of and failure to appreciate Gregory Lester's conditions of bond. During cross-examination, however, Sgt. Boytek admitted that knowledge of these threats did not result in any affirmative actions to protect the informant or even communication with the informant about the risk to his safety.

The defense called Douglas Vinson and Bobby J. Justus assessing that defendant had a reputation for peacefulness within the community.

## II. STANDARD OF REVIEW

"When the district court acts on a motion to revoke or amend a magistrate judge's pretrial [detention] order, the district court acts de novo and must make an independent determination of the proper pretrial detention or conditions of release." United States v. Stewart, 19 App'x 46, 48 (4th Cir. 2001) (citing United States v. Rueben, 974 F.2d 580, 585-86 (5th Cir. 1992)).

## III. APPLICABLE LAW

Under the Bail Reform Act, a defendant shall be detained only if a judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the defendant as required or the safety of any other person and the community. 18 U.S.C. § 3142(e). The Court's decision in a detention hearing is guided by the following 18 U.S.C. § 3142(g) factors: (1)"the nature and circumstances of the offense charged;" (2)"the weight of the evidence against the person;" (3)"the history and characteristics of the person" including, family ties, employment, financial resources, past conduct, criminal history, and whether the person was on release pending trial; and (4)"the nature and seriousness of the danger to any

3

person or the community that would be posed by the person's release." To obtain a detention order, the Government must demonstrate either (1) by clear and convincing evidence that "no conditions other than detention will reasonably assure the safety of any other person and the community," United States v. Simms, 128 F. App'x 314, 315 (4th Cir.2005) (citing 18 U.S.C. § 3142(f)(2)); or (2) by a preponderance of the evidence that detention is necessary to reasonably assure the appearance of the defendant at future court proceedings. United States v. Stewart, 19 F. App'x 46, 48 (4th Cir. 2001).

**IV. APPLYING THE 18 U.S.C. § 3142(g) FACTORS INDICATES BY CLEAR AND CONVINCING EVIDENCE THAT NO COMBINATION OF CONDITIONS COULD PROTECT THE SAFETY OF OTHER PERSONS IN THE COMMUNITY**

For the reasons stated in this Memorandum and Opinion and Order and for the reasons stated at the hearing, defendant's actions illustrate by clear and convincing evidence that no combination of conditions could protect the safety of others within the community.

**A. Nature and Seriousness of the Offense Charged**

In the superseding indictment, the defendant is charged with 28 counts related to the arson of three buildings and subsequent attempts to defraud insurance agencies. ECF No. 71. Arson, a serious and violent crime, see United States v. Knight, 606 F.3d 171 (4th Cir. 2010), is inherently dangerous to others and leads to great financial expense to the community. That the

4

alleged criminal conduct occurred years ago, makes little difference.

**B. Weight of the Evidence Against Defendant**

The government alleges that the weight of evidence in this case is strong and that multiple cooperating witnesses are willing to testify against the defendant.  Defendant responds that the case is based upon the self-serving testimony of witnesses attempting to mitigate their sentences for drug distribution.  Moreover, the defendant continues to maintain his innocence and, to date, no other co-defendants have pled guilty to the charges levied.

**C. Defendant's History and Characteristics**

Both parties agree that the defendant was a pillar of his community, sitting on the board of a local bank, owning a hardware store, among numerous additional connections to the community.  Nevertheless, both parties allege the court should view the abundance of these relationships in a starkly different manner.  The government alleges defendant's family and friends (some of which are co-defendants in this matter) give defendant greater capability to inflict violence against cooperating witnesses.  Defendant alleges that these civic ties will instead allow the community to be responsible for ensuring the defendant will comply with any conditions of bail that the court may set.

Defendant alleges that he is a 66-year old business owner with no criminal history.  Witnesses testifying on behalf of the defendant indicate the defendant has a reputation for peacefulness.  The government, however, introduced evidence that the defendant threatened a cooperating witness.

Importantly, the government also introduced email communications between the defendant and co-defendant, Gregory Lester that violated the conditions of Gregory Lester's bond.  Even after Gregory Lester communicated "we're not supposed to contact any co defendants (sic) at all," the defendant continued emailing Gregory Lester.  <u>See</u> Government's Exhibit 1.  The court finds that this same awareness of and failure to appreciate the conditions of bond would have greater consequences if the defendant were no longer detained.

**D. Danger to Any Person or the Community**

The government introduced evidence of telephone calls between the defendant and others indicating his propensity and desire to inflict serious bodily injury upon a confidential informant.  Defendant's counsel argues that this testimony, the representations of two drug dealers turned confidential informants, should be given little weight.  Nevertheless, if the court released the defendant on bond, he would then gain greater freedom and access to known confidential informants.

## V. CONCLUSION

After reviewing de novo the detention order pursuant to 18 U.S.C. § 3145(b) and after considering alternatives to detention, the Court **FINDS** by clear and convincing evidence that no condition or combination of conditions could protect the safety of other persons and the community.  The court **FAILS TO FIND** by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

Accordingly, the Court **AFFIRMS** Magistrate Judge Aboulhosn's Detention Order and **ORDERS** that defendant remain in the custody of the United States Marshal pending trial.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Office of this court.

**It is SO ORDERED** this 12th day of January, 2018.

ENTER:

David A. Faber
Senior United States District Judge